**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIRON ENRIQUE BORJAS-CASTILLO, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, *et al.*, <br><br> Respondents. | Case No. 26-cv-03690-BAS-VET <br><br> **ORDER:** <br><br> **(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1);** <br><br> **(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2); AND** <br><br> **(3) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3)** |

Petitioner Jairon Enrique Borjas-Castillo filed an earlier habeas petition pursuant to 28 U.S.C. § 2241 arguing that he had been subject to prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). (Case No. 26-cv-2909-BAS-VET, ECF No. 1.) He was represented by counsel in that case. (*Id.*) On June 4, 2026, this Court denied the Petition, finding Petitioner had not been subject to an arbitrarily and unreasonably prolonged detention under *Zadvydas* and that he had failed to exhaust his administrative remedies

- 1 -

after the Immigration Judge found at a bond hearing that his release would pose a danger to the community. (*Id.* at ECF No. 5.)

Undaunted, less than three weeks later, on June 23, 2026, Petitioner filed an identical petition arguing again that he had been subject to prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  This time he is acting *pro per* and moves for appointment of counsel (ECF No. 3) and for a temporary restraining order ("TRO") (ECF No. 2).  The Government opposes. (ECF No. 8.)

A habeas petition is subject to summary dismissal when it is repetitive or duplicative. *See, e.g.*, *Salas v. Att'y Gen.*, No. 2:23-cv-01118-TL-TLF, 2023 WL 5826738, at *2 (W.D. Wash. Aug. 21, 2023). The Petition here provides no new information or grounds for relief that were not raised in the prior Petition. Nor does the additional time in immigration custody make Petitioner's detention arbitrarily or unreasonably prolonged. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** the Petition. (ECF No. 1.)

Further, in light of the Court's dismissal, the Court **DENIES AS MOOT** the Motion to Appoint Counsel and the Motion for a TRO. (ECF Nos. 2, 3.) The Clerk of Court shall enter a judgment dismissing this action without prejudice and shall close the case file.

**IT IS SO ORDERED.**

**DATED: July 7, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv3690